

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable George W. Cox
State Health Officer
Texas State Board of Health
Austin 2, Texas

Dear Sir:                    Opinion No. O-7171

Re: Would the manufacture or
sale of a food product con-
taining 14½ gallons of cream,
15½ gallons of skimmed milk,
45 pounds of vegetable fat
and 30 ounces of STA-WHIP
POWDER constitute a viola-
tion of the Texas Filled
Milk Law, Chapter 2, Ar-
ticle 713a, Penal Code of
Texas.

We have received your recent request for an opinion
on a question we have restated above in substance.

Article 713a, Penal Code of Texas, provides in part
as follows:

"Sec. 1 (b). Filled milk shall include any
milk, cream, or skimmed milk whether or not
condensed, evaporated, concentrated, powdered,
dried, or desiccated, to which has been added
or which has been blended or compounded with
any fat or oil other than milk fat so that the
resulting product is in imitation or semblance
of milk, cream, or skimmed milk, whether or not
condensed, evaporated, concentrated, powdered,
dried or dessicated. Provided, that this
definition shall not be construed to include
any distinctive proprietary food compound
prepared, and designated for feeding infants
and young children, and customarily used on
the order of a physician.

"Sec. 2. It shall hereafter be unlawful to handle for use, manufacture, or sale within this State any form of filled milk. It is declared that filled milk is an adulterated article of food injurious to the public health, and its sale constitutes a fraud upon the public. It shall be unlawful for any person to manufacture within this State or to ship or deliver for shipment in intrastate commerce any filled milk."

The milk food product in question is identified by the trade name, "STA-WHIP Ideal Topping", and the instructions for mixing the ingredients, as shown by a copy attached to your letter, are substantially as follows: To a 30-gallon batch, mix 14½ gallons of cream (40%), 15½ gallons of skimmed milk, 45 pounds of vegetable fat and 30 ounces of STA-WHIP POWDER. The batch should be pasteurized to 150 degrees F. for thirty minutes. The vegetable fat should be added at 100 degrees F. The batch should be homogenized at pressure of 800-1200 lbs. The STA-WHIP POWDER used in the compound contains gelatin, corn starch, tapioca flour and gum tragacanth. The compound is to be sold in bottles truthfully labeled to show its trade name, its ingredients and instructions on how to prepare, keep and use it. From its description and mixing instructions, it is assumed to have the taste, consistency, color and appearance of pure cream to be whipped and used as a topping for pies, cakes, fruits, pastries and desserts.

We have been unable to find any cases or former opinions involving the violation of Article 713a, Penal Code of Texas; therefore, we have turned to the Federal Filled Milk Act; 21 U. S. C. A. Sec. 61. The wording used in the Federal statute defining filled milk is almost identical with the Texas statute.

In the case of the United States vs. Carolene Products Co., 104 F. 2nd, 969, the Seventh Circuit Court of Appeals affirmed a conviction for violating the Federal statute prohibiting the shipment of filled milk on the evidence that a product under the trade name "Milnut", looking like a white emulsion, creamy in appearance, and containing 5.7 per cent fat, chiefly coconut oil and only .34 per cent butter fat, is a product intended to simulate milk. We quote the language of a portion of the opinion:

"From these uncontradicted facts a court or a jury would, of necessity, find that Milnut was intended to simulate milk and that it was injurious to public health because the purchaser obtained a product which looked like milk and was accepted as a milk equivalent, whereas cocoanut oil had been substituted for cream or butter fat, the virtues of butter fat being well known to a race that depends so completely on cows' milk with a minimum, fixed by law, of butter fat or cream content."

The Fourth Circuit Court of Appeals in the case of the United States vs. Carolene Products Co., 140 F. 2d, 61, held that a compound of skimmed milk, cotton seed oil and fish liver oil, being virtually indistinguishable from evaporated milk in taste, odor, color, appearance and consistency is a compound in semblance of milk within the Filled Milk Act prohibiting the shipment in interstate commerce of skimmed milk compounded with any fat or oil other than milk fat.  This opinion was affirmed by the Supreme Court of the United States.  (65 S. Ct. 1, 323 U. S. 18, 89 L. Ed. ____, 155 A. L. R. 1371)  Also see Sage Stores Co. vs. State of Kansas, 89 L. Ed. ____.

It was held by the Seventh Circuit Court of Appeals in the case of Carolne Products Co. vs. Evaporated Milk Assn. et al, 93 F. 2d 202, that filled milk as milk, works a freud on the public with resulting danger to health, and the fact that labels on cans of filled milk tell the truth as to the contents, does not nullify the illegality of its shipment in interstate commerce.

Apparently the compound in question, STA-WHIP Ideal Topping, is intended and represented to be an imitation or semblance of milk or cream and contains a high percentage of vegetable oil. In view of the Federal cases cited above, it is the opinion of this department that it falls within the statutory definition of filled milk, the manufacture or sale of which would constitute a violation of Article 713a, Penal Code of Texas.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

BY Louis W. Woosley.
Louis W. Woosley
Assistant

LW:LJ

APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN